IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Beth Belue, | ) | C/A No.: 1:09-942-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This appeal from a denial of social security benefits is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff ("Plaintiff" or "Claimant") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and supplemental security income ("SSI"). The two issues before the court are whether the Commissioner's findings of fact are supported by substantial evidence and whether he applied the proper legal standards.

I.    Relevant Background

    A.    Procedural History

Plaintiff filed applications for DIB and SSI, alleging disability since May 1, 2004, primarily as the result of rheumatoid arthritis. Tr. 117–30, 159. Her applications were

denied initially and upon reconsideration. Tr. 92–101, 104–09. Following a hearing on September 4, 2007, at which Plaintiff, her attorney Paul McChesney, and Vocational Expert ("VE") Carroll Crawford appeared, Administrative Law Judge (ALJ) Karen Baker found that Plaintiff was not disabled because she retained the capacity to perform unskilled medium and light work in the national economy. Tr. 30–87 (hr'g tr.), Tr. 14–29 (ALJ's decision). Plaintiff submitted additional medical evidence to the Appeals Council with her request for review of the ALJ's decision. Tr. 10, 207–08, 212–13, 371–83, 386–407. The Appeals Council "considered" the additional evidence, "but found that [the] information d[id] not provide a basis for changing the Administrate Law Judge's decision." Tr. 1–7. Therefore, the ALJ's decision became final decision for purposes of judicial review. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. This appeal followed.

B.     The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520 in determining that Plaintiff was not disabled. At step one, the ALJ found that, although Plaintiff had worked part-time, she had not worked at the substantial gainful activity level since her alleged onset date in May 2004. Tr. 16. At steps two and three, the ALJ found that Plaintiff's rheumatoid arthritis, degenerative disc disease, and thoracic compression fracture were "severe" impairments, but that Plaintiff's impairments did not meet or equal the criteria of any presumptively disabling impairments in the Listings at 20 C.F.R. pt. 404, subpt. P, app.1. Tr. 16, 22–23. The ALJ assessed Plaintiff's RFC by evaluating the medical evidence and her subjective complaints, and found that Plaintiff's allegations regarding the extent of her limitations were not fully credible. Tr. 23–27.

After considering all the evidence, the ALJ found that Plaintiff had the RFC to perform unskilled medium work with no constant fingering with either hand; occasional balancing and climbing of ladders, ropes, and scaffolds; and avoidance of concentrated exposure to hazards such as machinery and unprotected heights. Tr. 23. At step four, the ALJ found that Plaintiff could not perform her PRW as a medical lab technician or nursing assistant. Tr. 27. The ALJ then relied on VE testimony at step five to conclude that there were a significant number of other jobs that Plaintiff could perform with her limitations, including the jobs of cashier, order filler, and hand packager. Tr. 28. The ALJ concluded, therefore, that Plaintiff was not disabled under the Act. Tr. 29. Subsequent to the ALJ's decision, Plaintiff submitted additional evidence to the Appeals Council. The court discusses this evidence, the treatment of which is the subject of Plaintiff's initial appellate claim, in detail within.

II.    Discussion

In her brief, Plaintiff argues that the Commissioner's findings are in error for the following reasons:

1) The Appeals Council did not properly consider additional evidence presented to it and remand for further review, nor did it properly set forth reasons why it found no need for such additional review;

2) The ALJ improperly discounted the opinion of Plaintiff's treating physician; and

3) The ALJ wrongly discredited Plaintiff's credibility and her subjective symptoms.

A.    ALJ Findings

In her October 24, 2007 decision, the ALJ made the following findings of fact and

conclusions of law:

1.    The claimant meets the insured status requirements of the Social Security
      Act through September 30, 2008.

2.    The claimant has not engaged in substantial gainful activity since May 1,
      2004, the alleged onset date (20 CFR §§ 404.1520(b), 404.1571, *et seq*.).

3.    The claimant has the following severe impairments: rheumatoid arthritis,
      lumbosacral degenerative disc disease and thoracic compression fracture (20
      CFR 404.1520(c) and 416.920(c)).

4.    The claimant does not have an impairment or combination of impairments
      that meets or medically equals one of the listed impairments in 20 CFR Part
      404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526,
      416.925 and 416.926).

5.    After careful consideration of the entire record, I find that the claimant has
      the residual functional capacity to perform medium exertion.  She has
      unlimited ability to use the upper extremities to push/pull.  She is limited to
      occasional climbing of ladders, ropes and scaffolds and occasional
      balancing, but has no other postural limitations.  She has no manipulative
      limitations other than the need to avoid constant fingering bilaterally.  She
      has no visual or communicative limitations.  Her only environmental
      limitation is that she needs to avoid concentrated exposure to hazards such as
      machinery and unprotected heights.

6.    The claimant is unable to perform any past relevant work (20 CFR  404.1565
      and 416.965).

7.    The claimant was born on August 10, 1967, and was 36 years old, which is
      defined as a younger individual age 18–49, on the alleged disability onset
      date (20 CFR  404.1563 and 416.963).

8.    The claimant has at least a high school education and is able to communicate
      in English (20 CFR  404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 16–29.

B.  Legal Framework

1.  The Commissioner's Determination-of-Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines "disability" as follows:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of "disability" to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983)

(discussing considerations and noting "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether she has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1; (4) whether such impairment prevents claimant from performing past relevant work; and (5) whether the impairment prevents her from doing substantial gainful employment. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant "disabled or not disabled at a step," Commissioner makes determination and "do[es] not go on to the next step.").

A claimant is not disabled within the meaning of the Act if she can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. *See* 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling (SSR) 82–62 (1982). The claimant bears the burden of establishing her inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to past relevant work, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work

exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to past relevant work. *Id.* If the Commissioner satisfies its burden, the claimant must then establish that she is unable to perform other work. *Id.; see generally Bowen v. Yuckert*, 482 U.S. 137, 146. n.5 (1987) (regarding burdens of proof).

2.    The Court's Standard of Review

The Social Security Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*, *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." *Vitek v. Finch*, 428 F.2d 1157, 1157–58 (4th Cir. 1971); s*ee Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must

carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings, and that his conclusion is rational. *See Vitek v. Finch*, 428 F.2d at 1157–58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

C.    Analysis

Plaintiff's first allegation of error centers around additional evidence she presented to the Commissioner's Appeals Council. On March 19, 2009, the Appeals Council informed Plaintiff it denied her request for review of the ALJ's October 24, 2007 decision in which the ALJ found her unentitled to benefits. Tr. 1–7. The Appeals Council indicated it had "considered the contentions raised by your representative in his letter dated April 11, 2008, as well as the additional evidence listed on the enclosed Order of Appeals Council, but found that this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. 1–2. The order listed the ten additional exhibits received and made part of the record, but did not include any discussion of the information. Tr. 4–5.

1.    Plaintiff's Additional Evidence Presented to the Appeals Council

The additional evidence included the following information:

In May 2004, Plaintiff saw physician's assistant Sarah Norman, P.A., with complaints of pain and swelling in her right ankle, swelling in her left hand and wrist, and

a stiff neck. Upon examination, she was in no acute distress and had redness and warmth in her right ankle and redness in her hand. Ms. Norman felt Plaintiff might have septic arthritis.  Tr. 371.

Also included were additional records and information from rheumatologist David Holt, M.D., a specialist who had treated Plaintiff regularly since 2005 and had initially diagnosed her with "probable rheumatoid arthritis" in 2005.  *See, e.g.,* Tr. 367 (record of Plaintiff's initial visit to Dr. Holt).   These records included treatment notes from November 20, 2007, in which Dr. Holt noted that Plaintiff's condition arthritis continued to be active, but that she had no trouble with her medications, and that examination showed that she had a stiff gait with some swollen and tender joints.  Tr. 390–91.

On January 21, 2008, Plaintiff saw Dr. Holt and complained of severe pain and said she had not had any benefit from medications, but she had not taken the medication from December 17 to December 30. An examination showed she had tenderness in her hands, wrists, and ankles, but a "fluid" gait and not much swelling.  Tr. 377.

In May 2008, Plaintiff again saw Dr. Holt and complained of pain and swelling in her right knee, and pain in her ankle, shoulders, hands, and back. Dr. Holt noted that she appeared uncomfortable and had tenderness without much swelling in her hands and wrists and tenderness in her left knee, left ankle, and feet. He administered an injection in her right knee.  Tr. 375–76.

In September 2008, Dr. Holt completed a form indicating that Plaintiff could lift no more than five pounds occasionally and two pounds frequently; perform simple grasping

and fine manipulation each only twenty percent of the workday; bend and push/ pull each only five percent of the workday; and could not squat, climb, or crawl. He said she could stand two hours at a time, walk two hours at a time, and sit thirty minutes. Tr. 381, 384. Dr. Holt also opined that Plaintiff should be limited from unprotected heights and moving machinery. He noted that she would have moderate pain eighty percent of the time, and that her "pain scores [were] higher than typical for [her] anatomic abnormalities." Tr. 385.

Also included were treatment notes from In December 2007, otolaryngist ["ENT"] David Weir, M.D., who examined and evaluated Plaintiff's hearing. Dr. Weir diagnosed neurosensory hearing loss, and his findings were consistent with significant loss of hearing in Belue's left ear. The notes indicate Plaintiff had been experiencing this loss for two-to-three months. Tr. 406–07.

Other additional information included a December 2008 letter from Dr. Joseph Jacko regarding his April 2007 treatment of Plaintiff for back pain. Tr. 387. He indicated that Plaintiff's back impairments would be expected to cause back pain, and that her compression fractures were unusual for someone her age and probably indicated that she had osteoporosis. He said compression fractures such as Plaintiff's usually healed in eight-to-twelve weeks, but could cause continued pain if the architecture of the back was affected. Dr. Jacko said he did not feel Plaintiff's back impairments were "severely incapacitating." He opined that she should avoid lifting over twenty pounds and frequent overhead reaching, bending, or twisting of the back. Dr. Jacko also clarified a statement contained in his records of his April 2007 treatment of Plaintiff, which had indicated

Plaintiff was "taking care of a farm." *See* Tr. 338 (Dr. Jacko's note indicating Plaintiff "takes care of a large property that I believe is a farm doing most of the work herself."). Dr. Jacko explained that he "should have made clear that she had been doing this, but that her health problems were making it difficult to do so." Tr. 387–88.

This additional evidence also included treatment notes from Dr. Robert Wentz of Family Practice Associates from August 6, 2007 through December 5, 2007, which indicated she saw him for routine care and medication refills. Tr. 393–397. The additional materials also included negative drug-test results from February and May 2008 and two letters from Plaintiff's pastor. Tr. 400–03, 208, 213.

> 2. The Additional Evidence Should Have Been Considered by the Appeals Council.

In response to Plaintiff's argument that the Appeals Council did not properly consider the new evidence, the Commissioner counters that much of the additional evidence is "dated after the ALJ's decision," and the Appeals Council did not need to consider it at all. Def.'s Br. 20. Further, the Commissioner claims that, even if considered, the evidence is not different from what was before the ALJ and should not change the ALJ's findings. *Id.* 20–21. Finally, the Commissioner argues the Appeals Council is not required to provide specific reasons for finding the additional information it considered did not provide a basis for changing the ALJ's decision. *Id.* 22–26.

Both parties acknowledge that there is a split of authority regarding whether the Appeals Council must set forth details regarding why it found additional evidence did not

provide a basis for changing the ALJ's decision. The parties agree that the threshold issue here is whether the additional evidence properly should be considered pursuant to 20 C.F.R. § 404.970, which provides as follows, in pertinent part:

> (b) If **new and material evidence** is submitted, the Appeals Council shall consider the additional evidence **only where it relates to the period on or before the date of the administrative law judge hearing decision**. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970 (emphasis added), *see also* Pl.'s Br. 14, Def.'s Br. 19–20, Pl.'s Reply 2.

Evidence is new "if it is not duplicative or cumulative." *Wilkins v. Sec'y of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). It is "material" if there is a "reasonable possibility it would have changed the outcome." *Id.*

Defendant argues that because nearly all of the evidence is dated after the date of the ALJ's October 24, 2007 decision it does not "relate" to the appropriate period. Plaintiff disagrees and argues that the information "relates" to the period on or before the ALJ's decision, the documents' dates notwithstanding. *See* Pl.'s Br. 13–22, Pl.'s Reply 1–3. For example, Plaintiff points out that the records from Dr. Weir, although from December 2007, indicate Plaintiff had "neurosensory hearing loss" that had been present "for the prior two or three months[,]" (Tr. 406–07), which was prior to October 24, 2007. In response, the Commissioner argues that the records are "terse and nearly illegible," do

not seem to impose hearing-related work limitations on Plaintiff, and that "Plaintiff did not even allege a hearing impairment." Def.'s Br. 21.

The court agrees with Plaintiff that the date of the document or medical record itself should not be determinative of whether information "relates" to the period on or before the date of the ALJ's decision and whether the information is "new and material." One of the records submitted by Plaintiff to the Appeals Council is from May 2004, well before the date of the ALJ's decision. *See* Tr. 371. Some are from August 6, 2007; September 11, 2007; and October 5, 2007. Tr. 395–97. On its face, Dr. Weir's records relate back to the period before the ALJ's decision, as well. Tr. 406–07. Substantively, Dr. Weir's findings are the only medical information about Plaintiff's hearing deficit. *Id.* Even though, as Defendant points out, Plaintiff did not claim hearing loss as one of her reasons for seeking disability, the Commissioner is to consider all of Plaintiff's impairments in combination. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (finding Commissioner must "consider the combined effect of all of the individual's impairments[.]"). The court finds that at least some of the evidence presented to the Appeals Council "relates" to the period prior to the ALJ's decision.

The court also finds that the evidence is "material" in that it may have changed the outcome the ALJ reached.[1] The ALJ considered but did not accept the opinion of

---

[1]In considering whether the additional evidence fits the regulation's definition of what should be considered, the court notes that deciding whether the information is "material" or "relates" to the appropriate period, the court is mindful that such an analysis ought not become one of "weighing" the evidence. *See Harmon v. Apfel*, 103 F. Supp. 2d 869 (D.S.C. 2000), which is discussed more fully within. The court notes that, in *Harmon*, the district court did not

Plaintiff's treating physician Dr. Holt that Plaintiff was unable to work because of her rheumatoid arthritis. Tr. 370–371. The VE responded to a question from Plaintiff's counsel and indicated that there would be no job Plaintiff could perform if he accepted the findings of Dr. Holt. Tr. 80–81. The ALJ found that Dr. Holt's opinions were not consistent with other record evidence and that he based his opinion largely on Plaintiff's subjective complaints. Because the ALJ discounted Plaintiff's subjective complaints, she doubted the validity of his opinions based on those same subjective complaints. Tr. 26–27. It is possible that the additional information from Dr. Holt or other providers could provide record evidence to impact that analysis. Further, information from Dr. Jacko could cause the ALJ to reconsider Plaintiff's credibility which, in turn, could impact the ALJ's consideration of Dr. Holt's findings.

Dr. Jacko's April 2007 record indicated that Plaintiff "takes care of a large property that I believe is a farm doing most of the work herself." Tr. 338. In her decision denying benefits, the ALJ made reference to Dr. Jacko's statement regarding Plaintiff's taking care of a farm. *See* Tr. 21 (ALJ's setting out Plaintiff's medical history). The ALJ questioned

---

discuss the nature or date of the additional evidence that had been presented to the Appeals Council. Review of the report and recommendation in that matter, found as Entry 7 in Civil Action No. 0:99-967-DCN, indicates that the additional evidence was the statement of a rheumatologist and internist that was dated several months after the ALJ's decision had been issued, although the doctor opined that Plaintiff's condition had existed "for some time" and well before the plaintiff's insured status had expired. Although the text of the Commissioner's objections to the report and recommendation are not available, the district court characterizes the objection as being focused on the legal issue regarding the need for the Appeals Council to explain why it did not find the additional information warranted a change in the ALJ's decision. 103 F. Supp. 2d at 871.

Plaintiff about that information at the hearing. Tr. 75. Plaintiff explained to the ALJ that it was her father's garden, not a farm, to which she had been referring and that Dr. Jacko had misunderstood her. *Id.* In the ALJ's analysis of Plaintiff's credibility, the ALJ referenced that exchange as an example of why she doubted Plaintiff's credibility. Tr. 26–27.

The court finds that at least some of the additional evidence qualifies as evidence to have been considered based on 20 C.F.R. § 404.970(b). Because, as discussed below, the court recommends remand for the Appeals Council to set out its reasons it found the information would not change the ALJ's decision, the court recommends remand of all additional information and does not continue a document-by-document examination of whether each proffered exhibit is "new" and "material."

3.    The Appeals Council Erred By Failing to Explain Why the Additional Evidence Considered Did Not Provide a Basis for Changing the ALJ's Decision.

In this and all appeals of disability determinations by the Commissioner, the district court's role is to determine whether substantial evidence supports the Commissioner's decision. The court is not to weigh the evidence or substitute its own judgment for that of the Commissioner. *See, e.g., Hayes v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In conducting this review, the court needs to understand the Commissioner's rationale for its findings. It is difficult to reconcile that overarching goal with the holding in the unpublished decision of *Hart v. Apfel*, which provides that when evidence not considered by the ALJ is submitted to the Appeals Council and incorporated into the record, the

reviewing court must consider this evidence in determining whether the Commissioner's decision is supported by substantial evidence. *Hart v. Apfel*, C/A No. 98-2320, 1999 WL 365555, at *3 (4th Cir. June 7, 1999).

As both parties acknowledge, there is conflicting authority within the Fourth Circuit and in this court regarding whether the Appeals Council must set out its rationale for determining additional evidence it reviewed would not alter the result of the ALJ's decision.

Plaintiff relies principally on the analysis of *Harmon v. Apfel*, 103 F. Supp. 2d 869 (D.S.C. 2000), in which now-Chief Judge David C. Norton examined both sides of the issue and determined that remand to the Appeals Council for an explanation of its reasons for finding additional evidence would not change the ALJ's ruling was appropriate.

In support of its position, the Commissioner focuses principally on the unpublished Fourth Circuit opinion of *Hollar v. Commissioner of Social Security Administration*, No. 98-2748, 1999 WL 753999 (4th Cir. Sept. 23, 1999), which found federal regulations did not require the Appeals Council to provide detailed reasons it did not find additional evidence could alter the decision of ALJ. In addition to a few other unpublished cases and cases from other circuits, the Commissioner also cites to *Jackson v. Barnhart*, 386 F. Supp.2d 504 (D.S.C. 2005), in which this court's Honorable Patrick M. Duffy indicated in a footnote that the Appeals Council had no duty to elaborate on its reasons it did not believe additional evidence required a decision-change. 386 F. Supp. 2d at 508, n.2.

The court is not bound by unpublished Fourth Circuit cases, of course. Additionally, the court is unconvinced that Judge Duffy's *Jackson* decision is a true departure from Judge Norton's analysis in *Harmon*. Although the Jackson decision did involve an additional report by a treating physician, the issue being considered was whether the ALJ should have contacted the treating physician for more information. Judge Duffy noted that the claimant had not raised any argument about the Appeals Council's treatment of the additional report. 368 F. Supp. 2d at 508, n.2.

Having reviewed the cases cited by both parties, the undersigned concurs with the well-reasoned discussion of the competing authorities and policies and the holding that remand to the Appeals Council set out by Judge Norton in *Harmon*. In addition, several other decisions in this District have followed the *Harmon* track. *See, e.g.*, *Suber v. Astrue*, 640 F. Supp. 2d 684, 688 (D.S.C. 2009); *Roberts v. Astrue*, C/A # 0:09-1607-JFA, 2010 WL 2522995, *5–6 (D.S.C. May 14, 2010); *Chapman v. Astrue*, 07-2868, 2010 WL 419923, *12 (D.S.C. Jan. 29, 2010).

In *Harmon*, a claimant submitted evidence to the Appeals Council that had not been considered by the ALJ. Similar to the facts in this case, the Appeals Council indicated it had considered the additional evidence but, without stating why, the Council concluded the new information did not create a basis for changing the ALJ's decision. 103 F. Supp. 2d at 871. As explained by Judge Norton, the court had to choose between whether to remand the matter because the court was unaware of the Appeals Council's reasoning or to

consider the additional evidence, trying to avoid improper weighing of that evidence.

Likening the conflict to a well-known Greek work,[2] Judge Norton explained as follows:

> The court must attempt to steer its analytical ship between the twin perils of Scylla and Charybdis. The court is caught between trying to provide meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ. Specifically, in this modem-day version of the classic Greek tale, Scylla represents any violation of the Fourth Circuit's rule that when evidence not considered by the ALJ is submitted to the Appeals Council and is incorporated into the record, the reviewing court must also consider this evidence in determining whether the Commissioner's decision is supported by substantial evidence. *See Wilkins v. Secretary, Dep't of Health and Human Sevs.*, 953 F.2d 93, 96 (4th Cir. 1991). By attempting to adhere to such a rule when the Appeals Council fails to articulate the reasons why the new, additional evidence does not suffice as a basis for changing the ALJ's decision, this court is drawn perilously close to Charybdis, which represents any violation of the Fourth Circuit's rule that the Commissioner must indicate explicitly the weight of all relevant evidence because it is not within the province of a reviewing court to determine the weight of the evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979). . . . This court is not a soothsayer and cannot base its conclusion on surmise and conjecture as to the reasons the Commissioner disregarded the new, additional evidence presented to it. "Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence

---

[2] Judge Norton succinctly set the stage as follows:

In Homer's Odyssey, Odysseus and his men had to wage battle against monsters such as Scylla and Charybdis and overcome other apparently insurmountable obstacles during the course of their voyage. Scylla was a multi-headed female monster, personifying a dangerous rock on the Italian side of the Straits of Messina. Charybdis was a creature whose daily consumption of the sea created the whirlpool off the Northeastern coast of Sicily, in the Straits of Messina. Because these creatures lived opposite shores of a narrow strait, it was supposedly impossible to navigate away from one peril without falling prey to the other.

103 F. Supp. 2d at 871, n.2.

approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Arnold v. Secretary of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977).

103 F. Supp. 2d at 871–74 (footnotes omitted).

Against that backdrop, the *Harmon* court held as follows:

[A]lthough the Appeals Council's decision whether to grant or deny review of an ALJ's decision may be discretionary as well as unreviewable, and the regulations do not require the Appeals Council to articulate a reason for its decision not to grant review, a reviewing court cannot discharge its statutory function of determining whether the findings of the Commissioner are supported by substantial evidence when the Appeals Council considered evidence that the ALJ did not have the opportunity to weigh, and rejected that new, additional evidence without specifying a reason for rejecting it or explicitly indicating the weight given to the evidence.

*Id.* at 874.

Judge Norton concluded that, in order to perform its mandated review of determining whether the Commissioner's determination is supported by substantial evidence, the court needed the Commissioner's explanation of its treatment of the additional evidence. The court remanded the case to the Commissioner, pursuant to sentence 4 of 42 U.S.C. § 405(g), for the Commissioner to set forth reasons for his assessment of the additional evidence presented by the plaintiff.

Here, the ALJ discounted the opinion of Plaintiff's treating physician in part because his opinion of disability was not supported by the weight of the record evidence and she believed the physician based his opinion largely on Plaintiff's subjective complaints, which the ALJ had discounted as less than credible. The additional evidence proffered by Plaintiff arguably contains information about Plaintiff's condition and ability

to work, as well as information that possibly could sway the ALJ's opinion of Plaintiff's credibility. The Commissioner's Appeals Council indicated it had "considered" the evidence, but found it did not change the ALJ's decision. However, the Appeals Council did not provide the reasons for its actions. That procedure arguably is insufficient to enable a reviewing district court "to discharge its statutory function of determining whether the findings of the Commissioner are supported by substantial evidence." *Harmon*, 103 F. Supp. 2d at 874.

Although aware of the findings in the unpublished *Hollar* decision, the undersigned finds more persuasive the reasoning set out by Judge Norton in *Harmon* and followed by other decisions in this district. Therefore, the undersigned recommends that Plaintiff's case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner may indicate explicitly if and how the evidence was considered and incorporate this additional evidence in its analysis. The Commissioner should consider the additional evidence and, if it finds that this additional evidence does not suffice as a basis for changing the ALJ's decision, the Order should explicitly indicate the reasons. The court will then be in a position to determine whether the Commissioner's decision is supported by substantial evidence. Based on this recommendation, the court will not address Plaintiff's remaining arguments at this time.

III.    Conclusion and Recommendation

Based on the above, the undersigned recommends that the Commissioner's decision be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action as set out herein.

IT IS SO RECOMMENDED.

July 19, 2010                                    Shiva V. Hodges
Florence, South Carolina               United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**