IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Beth Belue,                                    )
                                               )   C/A No.: 1:09-942-MBS
                    Plaintiff,                 )
                                               )
        vs.                                    )
                                               )
Michael J. Astrue, Commissioner of            )        **O R D E R**
Social Security,                               )
                                               )
                    Defendant.                 )
                                               )

Plaintiff Beth Belue filed applications for a period of disability and disability insurance

benefits and for supplemental security income on September 28, 2006. Plaintiff alleges disability

commencing May 1, 2004 because of rheumatoid arthritis, lumbrosacral degenerative disc disease,

thoracic compression fracture, anxiety disorder, and substance abuse. Plaintiff's applications were

denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law

judge ("ALJ"). The ALJ held a hearing on September 14, 2007. On October 24, 2007, the ALJ

issued a decision that Plaintiff is not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of

the Social Security Act. Plaintiff thereafter requested review of the ALJ's decision by the Appeals

Council.

The Appeals Council received additional evidence which it made part of the record and which

it considered in connection with Plaintiff's request. On March 19, 2009, the Appeals Council

determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter

brought the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review

of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge Shiva V. Hodges. On July 19, 2010, the Magistrate Judge filed

a Report and Recommendation in which she determined that at least some of the evidence presented to the Appeals Council "relates" to the period prior to the ALJ's decision, and that the evidence is "material" in that it may have changed the outcome reached by the ALJ. However, the Magistrate Judge determined that, because the Appeals Council failed to articulate its reasons for finding that the additional evidence did not change the ALJ's decision, she could not discharge her statutory function of determining whether the findings of the Commissioner are supported by substantial evidence. See generally Report and Recommendation 20, ECF No. 24. Accordingly, the Magistrate Judge recommended that the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner could indicate explicitly if and how the evidence was considered and explicitly indicate the reasons the evidence does not suffice as a basis for changing the ALJ's decision. The Commissioner filed objections to the Report on August 5, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

I.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as

more than a scintilla, but less than a preponderance." <u>Thomas v. Celebrezze</u>, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. <u>Vitek v. Finch</u>, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." <u>Flack v. Cohen</u>, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." <u>Vitek</u>, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. <u>Coffman v. Bowen</u>, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).

## II.

The Commissioner objects to the Magistrate Judge's recommendation that the case be remanded for an explanation by the Appeals Council as to its decision to deny Plaintiff's request for review. The Commissioner argues that the only final decision subject to judicial review in this case is the ALJ's 2007 decision, and that the court should limit its inquiry to the analysis articulated by the ALJ. The court disagrees.

The reviewing court must determine whether the factual conclusions of the ALJ are supported by substantial evidence. <u>See, e.g.</u>, <u>DeLoatche v. Heckler</u>, 715 F.2d 148, 150 (4th Cir. 1983)

("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."); Stawls v. Califano, 596 F.2d 1209, 1213 (4th Cir. 1979) (the Commissioner has a duty to explicitly indicate the relevant weight given to all evidence); Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) ("A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court."); Arnold v. Secretary of H. E. W., 567 F.2d 258, 259 (4th Cir. 1977) ("Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."). The Commissioner's argument compels the conclusion the court must speculate as to whether the ALJ's decision is based on substantial evidence, since the ALJ was not privity to the evidence submitted to and considered by the Appeals Council. The court is prohibited from undertaking a de novo examination of the additional evidence; yet, the court cannot perform a meaningful review of the Commissioner's decision without taking the additional evidence into consideration.

The court previously has required the Commissioner to articulate the weight to be allocated to additional evidence in order for the court to perform its statutory function. See Smart v. Barnhart, 2004 WL 2898152 (D.S.C. Dec. 7, 2004). As the Magistrate Judge and other courts in the Fourth Circuit have noted, there is a split of authority as to whether the Appeals Council should be required to articulate its reasoning when it accepts and considers additional evidence but fails to grant a review of the ALJ's decision. The court finds itself in agreement with other courts that have required the specific findings from the Appeals Council. See, e.g., Roberts v. Astrue, 2010 WL 2522995 (D.S.C. May 14, 2010); Jackson v. Astrue, 2009 WL 1181178 (D.S.C. May 1, 2009); Suber v. Commissioner, 640 F. Supp. 2d 684 (D.S.C. 2009); Harmon v. Apfel, 103 F. Supp. 2d 869 (D.S.C.

2000).  The Commissioner's objections are without merit.

III.

The court adopts the Magistrate Judge's thorough Report and Recommendation and adopts it herein by reference. For the reasons stated in this order and the Report and Recommendation, the Commissioner's decision is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administration action.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

September 20, 2010

Columbia, South Carolina